**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-561-FDW**

| | |
|---|---|
| **EDWARD EARL BROWN, JR.,** )<br> )<br>　　　　**Plaintiff,** )<br> )<br>vs. )<br> )<br>**A. PHILLIPS, et al.,** )<br> )<br>　　　　**Defendants.** )<br>　　　　　　　　　　　　　　　　) | **ORDER** |

**THIS MATTER** is before the Court on periodic status review.

*Pro se* Plaintiff Edward Earl Brown, Jr., filed this action pursuant to 42 U.S.C § 1983 on May 24, 2016,[1] alleging that several employees of the Lanesboro Correctional Institution exercised excessive force against him on July 5, 2013 between 9:00 and 10:00 PM at the institution's Anson Unit, D-block, in cell 12 and in a shower stall. (Doc. No. 2). He describes the Defendants as Correctional Officer A. Phillips, Sergeant Lamburt, Correctional Officer Baker, Assistant Unit Manager Rorie, and Captain Martin. (Doc. No. 2 at 3-4). Following initial review by the Court, Plaintiff was instructed to prepare summonses for and submit them to the Clerk of Court for service of process. Summons forms for service of process on Defendants were issued electronically on December 4, 2017, and were returned unexecuted on December 27, 2017, because there are multiple employees with that name (Lamburt, Rorie) (Doc. Nos. 28, 30), there is no employee by that name at the institution (Martin, Baker) (Doc. Nos. 29, 31), and the individual is no longer a state employee (Phillips) (Doc. No. 32).

---

[1] This action was originally filed in the Middle District of North Carolina and was transferred to this Court on July 21, 2016. See (Doc. No. 12).

1

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on the Defendants. If the U.S. Marshal obtains the home addresses for the Defendants, the addresses may be redacted from the summons forms for security purposes following service on these Defendants.

**IT IS SO ORDERED**.

The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: January 2, 2018

Frank D. Whitney
Chief United States District Judge