UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-561-FDW

| EDWARD EARL BROWN, JR., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| A. PHILLIPS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of the Order denying the appointment of counsel and renewing his Motion for the Appointment of Counsel, (Doc. No. 24, 24-1), a "Notice" seeking relief from the alleged denial of access to the courts by the correctional institution, (Doc. No. 25), and Motions for Leave to File an Amended Complaint, (Doc. Nos. 26, 34).

Petitioner filed his original Complaint, on May 24, 2016, (Doc. No. 2), and sought the appointment of counsel, (Doc. No. 3). In the Order on initial review, the Court permitted the Complaint to proceed on the claims on excessive force against Defendants Phillips, Baker, Rorie, Martin, and Lamburt on November 16, 2017, and denied the motion for the appointment of counsel. (Doc. No. 23). Service is underway.

In support of the instant Motion for Reconsideration of the denial of his motion for the appointment of counsel, and his renewed Motion for the Appointment of Counsel, Plaintiff states that he is unable to afford counsel, is proceeding *in forma pauperis*, he is incarcerated which will greatly limit his ability to litigate, the issues in the case are complex and will require significant

1

research and investigation, counsel would be better able to present evidence and cross-examine witnesses, and Plaintiff has attempted to obtain a lawyer. He also states that he suffered hand injuries in the excessive force incident at issue that makes writing difficult and may cause a delay in his filings with the Court.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Although it appears that Plaintiff has suffered a hand injury, his numerous filings indicate that he is able to adequately participate in this litigation. He does not allege that his medical condition has caused him to miss any Court deadlines to date. This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion for Reconsideration, (Doc. No. 24), and renewed Motion for the Appointment of Counsel, (Doc. Nos. 24-1, 25) will be denied.

In his "Notice," Petitioner alleges that Alexander Correctional Institution is denying him access to the courts by charging him fees for his mail addressed to the courts, and Plaintiff has insufficient funds to cover the postage. (Doc. No. 25).[1] Plaintiff alleges that he might have difficulty in making legal mailings and that the instant civil rights case is meritorious.

It is well settled that "[p]risoners do not have an unlimited right to free postage in connection with the right of access to the courts. Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." White v. White, 886 F.2d 721, 723–24 (4th

---

[1] To the extent the "Notice" also seeks the appointment of counsel, this request is denied.

Cir. 1989) (quoting Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978)). To state a claim such as this, a prisoner must provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts. Id.

Plaintiff's allegations are insufficient to demonstrate that he is being deprived access to the courts. Indeed, his claim is belied by the record which shows numerous court filings and Petitioner has not alleged that he has missed any court deadlines. Therefore, the "Notice" alleging deprivation of access to the courts is denied.

Finally, Plaintiff has filed two Motions for Leave to File an Amended Complaint, (Doc. Nos. 26, 34), in which he seeks to add parties and allegations.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his pleading once as a matter of course if certain time restrictions are met. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend his pleading only with the opposing party's written consent or with leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. The general rule is that "an amended pleading supersedes the original pleading, rendering the original pleading of no effect. Thus, if an amended [pleading] omits claims raised in the original [pleading], the [party] has waived those omitted claims." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001).

Neither of Plaintiff's motions to amend attaches a proposed Amended Complaint, but rather, contains piecemeal and confusing attempts to add claims and parties. Plaintiff will not be permitted to proceed in this manner. The Motions for Leave to File an Amended Complaint, (Doc. Nos. 26, 34), are denied without prejudice for Plaintiff to file a single succinct Amended Complaint that presents all his claims for relief, subject to all timeliness and procedural requirements. Plaintiff shall have thirty (30) days in which to file a superseding Amended Complaint in accordance with

this order and, if he chooses not to do so, the Court will proceed on the original Complaint, without considering the subsequently filed materials.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Reconsideration of the Order denying the appointment of counsel and Motion for the Appointment of Counsel, (Doc. No. 24, 24-1), are **DENIED**.

(2) Plaintiff's "Notice" seeking relief from the alleged denial of access to the courts, (Doc. No. 25), is **DENIED**.

(3) Plaintiff's Motions for Leave to File an Amended Complaint, (Doc. Nos. 26, 34), and **DENIED** without prejudice. Plaintiff may file a superseding Amended Complaint within 30 days as set forth in this Order.

(4) The Clerk is respectfully instructed to mail Plaintiff a copy of the § 1983 complaint form.

Signed: January 26, 2018

Frank D. Whitney
Chief United States District Judge