# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:16-cv-561-FDW

| | |
|---|---|
| EDWARD EARL BROWN, JR., | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| ALEJANDRO PHILLIPS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants Albert Lambert and Lisa Martin's Motion to Strike Plaintiff's Response to the Defendants' Answer, (Doc. No. 67), and Plaintiff's Motions to Appoint Counsel, (Doc. Nos. 72, 75).

District courts have the inherent authority to manage their dockets with a view toward the efficient and expedient resolution of cases. Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016). Striking documents is within the Court's inherent authority. See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 150 (4th Cir. 2009). Defendants Lambert and Martin correctly argue that Plaintiff's Response to their Answer, (Doc. No. 66), is improper because it exceeds the scope of the pleadings permitted by the Federal Rules of Civil Procedure because it is not a: (1) complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; or (7) a reply to an answer ordered by the court. See Fed. R. Civ. P. 7(a). The Motion to Strike will therefore be granted.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to

seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff argues that he is unable to afford counsel and is proceeding *in forma pauperis*, his imprisonment will greatly limit his ability to litigate, the issues involved in the case are complex and will require significant research and investigation, he has limited access to the law library and knowledge of the law, a trial will likely involve conflicting testimony and cross-examination that counsel would be better able to present, Plaintiff's repeated attempts to obtain counsel have been fruitless, Plaintiff has had surgery on his writing hand which limits his ability to write, and Plaintiff has no legal material besides a Jailhouse Lawyer's Handbook. This case does not present exceptional circumstances that justify appointment of counsel and Plaintiff has demonstrated his ability to proceed *pro se* thus far. Therefore, Plaintiff's Motions for Appointment of Counsel will be denied.

**IT IS, THEREFORE, ORDERED** that

1. Defendants Albert Lambert and Lisa Martin's Motion to Strike Plaintiff's Response to the Defendants' Answer, (Doc. No. 67), is **GRANTED** and Plaintiff's Response to the Answer, (Doc. No. 66), is hereby stricken from the record.
2. Plaintiff's Motions to Appoint Counsel, (Doc. Nos. 72, 75), are **DENIED**.

Signed: March 30, 2019

Frank D. Whitney
Chief United States District Judge