UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-561-FDW

| | |
|---|---|
| EDWARD EARL BROWN, JR., | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| ALEJANDRO PHILLIPS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's "Notice," (Doc. No. 86), in which he seeks an extension of the discovery and dispositive motions deadlines, Plaintiff's Motion to Compel Discovery, (Doc. No. 87), Defendants' Response to the Motion to Compel, (Doc. No. 91), and Plaintiff's Motion to Appoint Counsel, (Doc. No. 88).

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The Complaint, (Doc. No. 2), passed initial review on claims of excessive force against Defendants Alejandro Phillips, Jonathan Baker, Angela Rorie, Lisa Martin and Albert Lamburt.

**(1)** **Extension of Time**

The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts

1

extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986).

In the instant case, the Court entered a Pretrial Scheduling Order setting the discovery cutoff date as March 14, 2019, and the dispositive motions deadline as April 13, 2019. (Doc. No. 64). The Court subsequently extended these deadlines to May 20, 2019 and July 8, 2019, respectively, and cautioned the parties that no further extensions would be granted except on a showing of extraordinary circumstances. (Doc. No. 85 at 2).

Plaintiff contends that the scheduling order deadlines should be extended because he was recently transferred to a new facility, production of docs might have been sent to the last facility, Defendants have not complied with discovery requests, and Defendants have not answered several motions and objections to their responses that has delayed Plaintiff gathering the necessary evidence to complete discovery.

The extended discovery deadline has not yet expired and Plaintiff has failed to show the existence of extraordinary circumstances that would warrant further extending that deadline. To the extent that Plaintiff asks the Court to compel Defendants to respond to his various motions, they are under no obligation to do so and the Court sees no reason to compel them to file responses at this time. Therefore, Plaintiff's Notice, (Doc. No. 86), will be construed as a Motion for Extension of the Scheduling Order Deadlines and will be denied.

**(2)** **Motion to Compel**

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways: (1) the matter sought must be "relevant to any party's claim or defense," and

2

(2) discovery must also be "proportional to the needs of the case." Va. Dep't of Corr. v. Jordan, 921 F.3d 180 (4th Cir. 2019) (quoting Fed. R. Civ. P. 26(b)(1)). Relevance on its own is not a high bar; the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." Id. Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. Id.

Plaintiff asks the Court to compel Defendants to produce documents that he requested on February 10, 2019, requests for production numbers 4, 6, 16, 17, 18, 20, 23, and 26, and refers to several Motions to which Defendants allegedly failed to respond.[1]

Defendants Lambert, Martin, Phillips and Rorie filed a Response arguing that Plaintiff failed to comply with the Federal Rules of Civil Procedure by failing to confer with them before filing the Motion to Compel. Defendants further explain why each request should be denied. See (Doc. No. 91).

The Court agrees that Plaintiff failed to comply with the applicable rules and that his Motion to Compel is meritless for the reasons set forth in Defendants' Response. Therefore, Plaintiff's Motion to Compel will be denied.

**(3)** **Motion to Appoint Counsel**

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

In support of the motion to appoint counsel, Plaintiff states that he is proceeding *in forma pauperis*, his imprisonment will greatly limit his ability to litigate the case, the issues are complex,

---

[1] Plaintiff's request in this regard is denied for the same reasons set forth in part (1) of this Order, *supra.*

he has limited access to the law, the case will likely involve conflicting testimony that would be better presented by a lawyer, he has not been able to locate counsel despite repeated efforts, and the incident at issue resulted in hand surgery which limits his ability to write. Plaintiff has repeatedly requested, and been denied, counsel in this action. (Doc. Nos. 3, 8, 14, 15, 19, 20, 23, 24, 36, 49, 51, 72, 75, 84).

This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Notice," (Doc. No. 86), is construed as a Motion for Extension of the Scheduling Order Deadlines and is **DENIED**.
2. Plaintiff's Motion to Compel Discovery, (Doc. No. 87), is **DENIED**.
3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 88), is **DENIED**.

Signed: May 3, 2019

Frank D. Whitney
Chief United States District Judge