UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-561-FDW

| | |
|---|---|
| EDWARD EARL BROWN, JR., | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| ALEJANDRO PHILLIPS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Request for Entry of Default, (Doc. No. 76), Request for Entry of Default Judgment, (Doc. No. 90), Motion for Pretrial Conference, (Doc. No. 93), and Motion *In Limine*, (Doc. No. 94).

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution. The Complaint passed initial review on claims of excessive force against Defendants Phillips, Baker, Rorie, Martin, and Lamburt. (Doc. No. 23). A summons was returned executed as to Defendant Baker on September 18, 2018. (Doc. No. 61). However, Defendant Baker has not filed an Answer or otherwise responded to the Complaint to date.

Plaintiff filed a Request for Entry of Default, (Doc. No. 76), against Defendant Baker that was docketed on February 26, 2019, and on April 15, 2019, Plaintiff's Request for Entry of Default Judgment, (Doc. No. 90), against Defendant Baker was docketed.

Rule 55(a) makes mandatory the entry of default by the clerk when a defendant "has failed to plead or otherwise defense" when "that fact is made to appear by affidavit or otherwise."[1]

---

[1] It appears that the Clerk never entered a default in this case pursuant to Rule 55(a). However, even if a default had been entered, the Court would set it aside without prejudice.

1

Assuming that the Complaint was properly served on Defendant Baker, the Court will deny the entry of default judgment without prejudice until the case has proceeded as to the answering defendants. See generally Fed. R. Civ. P. 55; Frow v. De La Vega, 82 U.S. 552 (1872)(where a plaintiff alleges joint liability of defendants, the appropriate course is to reserve entry of default judgment until after the case has proceeded as to the answering defendants); United States v. Shaffer Equip, Co., 11 F.3d 450, 453 (4th Cir. 1993) (noting the "strong policy" that cases be decided on their merits" and listing the factors that must be considered before a court exercises its inherent power to dismiss); see, e.g., Richardson v. Bostick, 2013 WL 3166398 (E.D.N.C. June 20, 2013) (in a prisoner excessive force case, denying without prejudice plaintiff's motion for default judgment so the case could proceed against the remaining defendants).

Plaintiff's *pro se* Motion seeking a pretrial conference will be denied as moot because the Court intends to set a pretrial conference in future. The Motion *In Limine* will be denied because Plaintiff is now represented by counsel who may file a motion *in limine* on Plaintiff's behalf.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Request for Entry of Default and Default Judgment, (Doc. Nos. 76, 90), are **DENIED** without prejudice
2. Plaintiff's Motion for Pretrial Conference, (Doc. No. 93), is **DENIED** as moot.
3. Plaintiff's Motion *In Limine*, (Doc. No. 94), is **DENIED** without prejudice.

Signed: August 7, 2019

Frank D. Whitney
Chief United States District Judge